IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT O'DELL NEIHART § | | |
| #39016-013 § | | |
| § | | |
| V. § | | A-17-CA-1109-LY |
| § | | |
| WARDEN R. MYERS § | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Rule 4 of the Rules Governing Section 2254 Cases, and Rule 1(f) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2241 (Document 1).[1] Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**STATEMENT OF THE CASE**

Petitioner is a federal prisoner confined in FCI Bastrop. He alleges the staff at FCI Bastrop has been deliberately indifferent to his physical and mental health needs. He requests the Court to direct the Bureau of Prisons to authorize the treatment to correct his collarbone injury, to direct

---

[1] Attached to Petitioner's application for habeas corpus relief are his Forensic Psychological Diminished Capacity Evaluation and Forensic Psychological Competence to Stand Trial Evaluation. The Court orders the Clerk of Court to seal both documents.

Warden Myers to ensure the Health Services Unit of FCI Bastrop provides proper treatment for the open wounds on his body, and to order that Plaintiff be housed at a location where it is less likely he will have to interact with sex offenders.

## DISCUSSION AND ANALYSIS

The petition relating to the conditions of Petitioner's confinement is not cognizable on habeas review. It is well-settled law that federal prisoners who wish to challenge the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)—not through federal habeas proceedings. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Petitioner's claims pertain to the conditions of his confinement, not the constitutionality of his custody. Therefore, they are properly brought in a civil-rights action.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice to reasserting such claims in a complaint brought pursuant to *Bivens*.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED this 19th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE